UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

BEST TELECOM PTE. LTD.,

JUDGE HELLERSTEIN

CASE NO. 12 CV 3083

Plaintiff,

-against-

NOTICE OF REMOVAL

INNOVATIONS TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC.,
SAM VISHNU, and DHL EXPRESS (USA), INC.,

RECEIVED
APR 19 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Defendants.
-----------------------------------------------------------------x

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND TO ALL COUNSEL HEREIN:

PLEASE TAKE NOTICE that defendant DHL EXPRESS (USA), INC. [hereinafter "DHL" or "defendant"] hereby files its Notice of Removal pursuant to 28 U.S.C. § 1441(c) to effect the removal of this action, which was commenced by plaintiff BEST TELECOM PTE. LTD. [hereinafter "plaintiff"] in the Supreme Court of the State of New York, County of New York, and numbered therein as Index No. 651433/11. Removal is proper for the following reasons:

1. On March 19, 2012, plaintiff filed a Third Amended Complaint in the Supreme Court of the State of New York, County of New York, and numbered therein as Index No. 651433/11. The records of DHL indicate that DHL first received notice of this action

1

through service on the State of New York, Department of State, Division of Corporations, on March 30, 2012, and thirty days since such notice have not yet expired.

2. The United States District Courts have original jurisdiction over this action by reason of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This action is one of which the United States District Courts are given original jurisdiction by reason of federal question jurisdiction in that plaintiff's claims arise under and are governed by the Warsaw Convention, Articles 1(1) and 24(2), as amended by Montreal Protocol No. 4, or, in the alternative, by the Montreal Convention of 1999, Articles 1(1) and 29. The Warsaw Convention is part of the federal law of the United States, <u>Sulewski vs. Federal Express Corporation</u>, 933 F.2d 180 (2nd Cir. 1991), and provides the <u>exclusive</u> remedy for actions against air carriers. <u>El Al Israel Airlines, Ltd. vs. Tsue Yuan Tseng</u>, 525 U.S. 155 (1999); and <u>Fishman vs. Delta Air Lines, Inc.</u>, 132 F.3d 138 (2nd Cir. 1998) ("We have already held that the Warsaw Convention creates the causes of action asserted under it.")

4. The Montreal Convention replaced the Warsaw Convention as the treaty governing international carrier liability. However, since many similar provisions remain, courts use cases interpreting the Warsaw Convention to interpret similar Montreal Convention provisions. See <u>Baah v. Virgin Atlantic Airways Ltd.</u>, 473 F. Supp 2d 591 (S.D.N.Y. 2007); and <u>Paradis v. Ghana Airways Ltd.</u>, 348 F. Supp. 2d 106 (S.D.N.Y. 2006).

5. This case first became removable when DHL was served with the Third Amended Complaint on March 30, 2012. The claims pled against DHL arise solely under the Warsaw Convention, Articles 1(1) and 24(2), as amended by Montreal Protocol No. 4, or, in the alternative, by the Montreal Convention of 1999, Articles 1(1) and 29. Under either treaty, all state law claims are preempted as a matter of law. <u>Paradis v. Ghana Airways Ltd.</u>, 348 F. Supp. 2d 106 (S.D.N.Y. 2006) ("The Conventions preempt all state law claims within their scope.") As

such, the claims pled against DHL are separate and independent from the state law claims pled against the other defendants. This case is therefore removable pursuant to 28 U.S.C. § 1441(c).

6. Attached hereto and marked Exhibit "A" are true and correct copies of all pleadings and process filed in this action in the Supreme Court of the State of New York, County of New York, and numbered therein as Index No. 651433/11. A Notice of Filing of this Notice of Removal is being concurrently filed with the Supreme Court of the State of New York, County of New York, and served upon all parties.

WHEREFORE, DHL prays that the within civil action be removed to this Court from the Supreme Court of the State of New York, County of New York.

Dated: April 18, 2012

YUDIN & YUDIN, PLLC

By: _____
Steven G. Yudin

370 Seventh Avenue, Suite 720
New York, New York 10001
(212) 949-7979
syudin@yudinlawfirm.com

Attorneys for Defendant
DHL Express (USA), Inc.

TO:
Aboulafia Law Firm PLLC
Attorneys for Plaintiff BEST TELECOM PTE. LTD
60 East 42nd Street
New York, NY 10165
(212) 684-1422

The Law Offices of Daniel A. Singer PLLC
Attorneys for Defendants INNOVATIONS TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC. and SAM VISHNU
245 5th Avenue
New York, NY 10016
(212) 569-7853

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X   Index No. 651433/11
BEST TELECOM PTE. LTD.,

                               Plaintiff,

        -against-

INNOVATIONS TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC., SAM
VISHNU, and DHL EXPRESS (USA), INC.

                               Defendants.
--------------------------------------------------------------------X

**THIRD SUPPLEMENTAL SUMMONS**

Plaintiff's Address:
#23-07, High Street Center, 23rd Fl.
1 North Bridge Road
Singapore 179094

*The basis of the venue designated is:*
**Place of Transaction**

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York and in case of your failure to Answer, judgment will be taken against you by default for the sum of $237,500.00, with interest from January 8, 2010, together with costs, disbursements and attorneys fees.

Dated: New York, New York
         March 19, 2012

TO:
Innovation Technology, Inc.
and Sam Vishnu
414 Hillside Avenue
New Hyde Park, NY 11040

Innovations Technology of NY Inc.
and Sam Vishnu
4370 Kissena Boulevard
Flushing, NY 11355

DHL Express (USA), Inc.
1210 South Pine Island Road
Plantation, FL 33324
*Service by Secretary of State*

Matthew S. Aboulafia, Esq.
Aboulafia Law Firm, LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2231
New York, NY 10165
(212) 684-1422

0

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X   Index No. 651433/11
BEST TELECOM PTE. LTD.,

                        Plaintiff,   **THIRD AMENDED COMPLAINT**

    -against-

INNOVATIONS TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC., SAM
VISHNU, and DHL EXPRESS (USA), INC.

                        Defendants.
----------------------------------------------------------------X

    Plaintiff, by its attorney Aboulafia Law Firm LCC, as and for its Complaint, herein alleges upon information and belief as follows:

    **FIRST:** At all times hereinafter mentioned, Plaintiff Best Telecom Pte. Ltd., (hereinafter "Best") is a foreign corporation duly existing in Singapore having its principal place of business at #23-07, 23rd Floor, High Street Center, 1 North Bridge Road, Singapore 179094.

    **SECOND:** At all times hereinafter mentioned, Defendant Innovations Technology, Inc. a/k/a Innovations Technology of NY, Inc. (hereinafter "Innovations") was and still is a corporation authorized, licensed, admitted and/or engaged in the business of exporting, distributing and supplying mobile phones in the State of New York, and located at 4370 Kissena Boulevard, #4B, Flushing, NY 11355.

    **THIRD:** At all times hereinafter mentioned, Defendant Sam Vishnu was and still is the owner, manager, agent, employee, and/or principal of the above-named Defendant entities.

    **FOURTH:** At all times hereinafter mentioned, Defendant DHL Express (USA), Inc. (hereinafter "DHL") was and still is a corporation authorized, licensed, admitted and/or engaged

in the business of shipping packages in the State of New York, and located at 1210 South Pine Island Road, Plantation FL 33324.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS INNOVATIONS

**FIFTH:** Heretofore and prior to January 8, 2010, Defendants exported, distributed, and supplied mobile phones.

**SIXTH:** That on or about December 29, 2009, Plaintiff Best executed a purchase order to purchase from Defendants Sam Vishnu and Innovations 595 Blackberry Mobile PDA Phones, models 9700, 9000, 8900 and 8520 for Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00), which designated Defendant DHL as the common carrier for the shipment.

**SEVENTH:** That under said purchase order Plaintiff agreed to pay certain amounts for goods sold and delivered by Defendant Innovations, and that these amounts were agreed upon.

**EIGHTH:** That Plaintiff performed all conditions under the agreement and did pay Defendant Innovations the monies requested for said goods, but that Defendant breached said agreement by failing to deliver said goods.

**NINTH:** As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS INNOVATIONS AND SAM VISHNU

**TENTH:** Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs First through Ninth hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

**ELEVENTH:** That on or about December 29, 2009, Defendant Innovations and Defendant Sam Vishnu agreed to ship to Plaintiff Best via Defendant DHL 595 Blackberry Mobile PDA Phones, models 9700, 9000, 8900 and 8520 for Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

**TWELFTH:** That based on Defendant Sam Vishnu's and Innovations' representation that it would be shipping said goods, Plaintiff assented to the terms of the purchase order and in relying that the goods would be delivered commenced a wire transfer in the sum of Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

**THIRTEENTH:** Heretofore on or about January 8, 2010, Plaintiff received from Defendant DHL the packages allegedly containing the 595 Blackberry Mobile PDA phones sent by Defendants Sam Vishnu and Innovations, but which contained bags of rock salt in its stead.

**FOURTEENTH:** That Defendants Sam Vishnu and Innovations falsely and fraudulently represented to Plaintiff that it placed the 595 Blackberry Mobile PDA phones in packages and shipped them to Plaintiff via Defendant DHL.

**FIFTEENTH:** That the representations made by Defendant Sam Vishnu and Defendant Innovations were in fact false as Plaintiff did not receive the prescribed goods and merchandise, but rather the packages contained rock salt.

**SIXTEENTH:** That when Defendants Sam Vishnu and Innovations made these representations it knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged. Furthermore, at the time Defendant Sam Vishnu and Defendant Innovations made the promises to Plaintiff, Defendants had no intention of performing them.

**SEVENTEENTH**: Plaintiff, at the time these representations were made by Defendants Sam Vishnu and Innovations, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did wire transfer $237,500.00 to Defendants Sam Vishnu and Innovations for said goods and merchandise. Had Plaintiff known of the actual intention of Defendants, Plaintiff would not have taken such action. Plaintiff's reliance on Defendants' representations was justified because Plaintiff's had no reason to believe Defendants Sam Vishnu and Innovations would not deliver the goods and merchandise requested.

**EIGHTEENTH**: That Defendant Sam Vishnu and Defendant Innovations refuse to reimburse Plaintiff for the sum it paid or provide the goods that were requested.

**NINTEENTH**: Defendants Innovations and Sam Vishnu's conduct was malicious, fraudulent, oppressive and/or recklessly committed, with wanton disregard of Plaintiffs' rights.

**TWENTIETH**: As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS DHL

**TWENTY-FIRST**: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs First through Twentieth hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

**TWENTY-SECOND**: That on January 5, 2010, pursuant to the purchase agreement, Defendants Sam Vishnu and Innovations allegedly placed said 595 Blackberry Mobile PDA phones in packages and shipped to Plaintiff via Defendant DHL.

**TWENTY-THIRD**: That Defendant DHL was retained for consideration as a common carrier to ship the goods in question from Defendant Innovations location to Plaintiff's, and Defendant DHL agreed to ship same.

**TWENTY-FOURTH**: That Plaintiff Best was the intended beneficiary of the agreement between Defendants Sam Vishnu and Innovations and Defendant DHL to ship the goods in question and to ensure that Plaintiff Best received said goods in satisfactory condition.

**TWENTY-FIFTH**: That Defendant Innovations and Defendant Sam Vishnu allegedly provided Defendant DHL with the aforementioned 595 Blackberry Mobile PDA phones. However, the goods in question never reached its destination, as the packages provided by Defendant DHL contained rock salt.

**TWENTY-SIXTH**: That Defendant DHL breached its agreement by failing to deliver the goods that were allegedly provided to it by Defendant Innovations and Defendant Sam Vishnu.

**TWENTY-SEVENTH**: That Plaintiff Best, as the intended beneficiary, is entitled to compensation from Defendant DHL for its breach.

**TWENTY-EIGHTH**: As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT DHL

**TWENTY-NINTH**: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs First through Twenty-Eighth hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

**THIRTIETH**: That Defendant DHL had a duty to deliver the 595 Blackberry Mobile PDA phones that were allegedly provided to it by Defendants Sam Vishnu and Innovations to Plaintiff.

**THIRTY-FIRST**: That Defendant DHL breached its duty by failing to deliver said goods as the packages provided by Defendant DHL to Plaintiff contained rock salt. Additionally, Defendant DHL breached its duty by improperly leaving the shipment outside of Plaintiff's warehouse without Plaintiff's consent.

**THIRTY-SECOND**: That Defendant DHL's negligence was a direct and proximate cause of Plaintiff's damages in Defendant DHL's failure to deliver the goods that were allegedly provided to it, and where no negligence or culpability can be attributed to Plaintiff.

**THIRTY-THIRD**: As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT DHL

**THIRTY-FOURTH**: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs First through Thirty-Third hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

**THIRTY-FIFTH**: That on or about January 5, 2010, Defendants Sam Vishnu and Innovations retained Defendant DHL as a common carrier to ship said 595 Blackberry Mobile PDA phones to Plaintiff Best. In so doing, upon information and belief, Defendants Sam Vishnu and Innovations obtained insurance coverage for good and valuable consideration with Defendant DHL for the shipments bearing Airway Bill Numbers 7982798423 and 7982803290.

**THIRTY-SIXTH**: That, upon information and belief, Plaintiff Best was named as an additional insured under the policy obtained by Defendants Sam Vishnu and Innovations.

**THIRTY-SEVENTH**: That on and before January 8, 2010, while said policy was in full force and effect, the insured goods were lost, stolen, or otherwise went missing. The loss suffered was a covered peril under the policy.

**THIRTY-EIGHTH**: At all relevant times, Plaintiff had an insurable interest in the aforementioned property.

**THIRTY-NINTH**: Defendant DHL has declined to indemnify Plaintiff Best for the loss sustained although claim has been duly made and all conditions of the policy have been met.

**FOURTIETH**: As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS INNOVATIONS AND DHL

**FOURTY-FIRST**: Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs First through Fourtieth hereof, inclusive, with the same force and effect as though the same were more fully set forth herein.

**FOURTY-SECOND**: Defendant Innovations and Defendant DHL have been knowingly benefited at Plaintiff's expense.

**FOURTY-THIRD**: Allowance of Defendants to retain the benefit would be unjust under the circumstances.

**FOURTY-FOURTH**: Defendants' conduct was malicious, fraudulent, oppressive and/or recklessly committed, with wanton disregard of Plaintiffs' rights.

**FOURTY-FIFTH:** As a result of the above, Plaintiff has sustained damages in the sum of at least Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00).

**WHEREFORE**, it is respectfully requested that Plaintiff have judgment against Defendant Innovations Technology, Inc. a/k/a Innovations Technology of NY, Inc., Defendant Sam Vishnu, and Defendant DHL Express (USA), Inc., for a sum no less than Two Hundred and Thirty-Seven Thousand Five Hundred Dollars ($237,500.00); with interest from January 8, 2010, and for costs and disbursements of this action.

Dated: New York, New York
March 19, 2012

Matthew S. Aboulafia, Esq.
Aboulafia Law Firm LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 2231
New York, NY 10165
(212) 684-1422

ABOULAFIA LAW FIRM LLC  MATTHEW ABOULAFIA ESQ
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

---

BEST TELECOM PTE. LTD.

index No. 651433/11
Date Filed

PLAINTIFF

- against -

INNOVATIONS TECHNOLOGY INC. AKA INNOVATIONS TECHNOLOGY OF NY INC. ETAL

Office No.
Court Date.

DEFENDANT

---

STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

STEVE AVERY being duly sworn, deposes and says that he is over the age of 18 years, resides in the State of New York and is not a party to this action. That on the 30TH day of MARCH, 2012 at 10:25 AM at the Office of the Secretary of State of the State of New York in the City of Albany, New York, he served the
THIRD SUPPLEMENTAL SUMMONS, THIRD AMENDED COMPLAINT
UPON: DHL EXPRESS (USA), INC.
the DEFENDANT in this action, by delivering to and leaving with
DONNA CHRISTIE, AGENT

in the office of the Secretary of State of New York, two true copies thereof and at the same time of making such service, deponent paid said Secretary of State, a fee of $40.00. That said service was made pursuant to Section 306 BCL.

Deponent further describes the person actually served as follows:

SEX: FEMALE  COLOR: WHITE  HAIR: BLONDE
APP.AGE: 40  APP. HT: 5/5  WEIGHT: 145
OTHER IDENTIFYING FEATURES:

COMMENTS:

SWORN TO BEFORE ME THIS
04TH day of APRIL, 2012

KENNETH WISSNER
Notary Public, NEW YORK
01WI4714130
Qualified in NEW YORK
Commission Expires 03/30/2014

STEVE AVERY
AETNA JUDICIAL SERVICE INC
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 3-MA-195383

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEST TELECOM PTE. LTD.,

Plaintiff,

-against-

INNOVATIONS TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC.,
SAM VISHNU, and DHL EXPRESS (USA), INC.,

Defendants.

### NOTICE OF REMOVAL

Signature (Rule 11 of the Federal Rules of Civil Procedure)

*Steven G. Yudin*

**YUDIN & YUDIN, PLLC**
370 Seventh Avenue, Suite 720
New York, New York 10001
(212) 949-7979

Attorneys for Defendant DHL EXPRESS (USA), INC.