UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BEST TELECOM PTE. LTD.,

          Plaintiff,

-against-

INNOVATION TECHNOLOGY INC. a/k/a
INNOVATIONS TECHNOLOGY OF NY INC.,
and SAM VISHNU, and DHL EXPRESS (USA)
INC

          Defendants.
------------------------------------------------------------------------x

Index No.: 12 CV 3083

AMENDED ANSWER
TO PLAINTIFF'S THIRD
AMENDED COMPLAINT

  Defendant Innovations Technology Inc. ("Defendant Innovations" or the "Corporation") and Defendant Saurav a/k/a Sam Vishnu ("Defendant Vishnu") (collectively the "Original Defendants") by their attorneys The Law Offices of Daniel A. Singer PLLC, for their Amended Answer to Plaintiff Best Telecom Pte. Ltd.'s ("Plaintiff") Complaint alleges as follows:

  1. Denies information sufficient to form a belief as to the allegation set forth in paragraph 1 of the Complaint.

  2. Denies the allegation set forth in paragraph 2 of the Complaint.

  3. With respect to paragraph 3, Defendant Vishnu admits that he is an owner and manager of Defendant Innovations.

  4. Denies information sufficient to form a belief as to the allegation set forth in paragraph 4 of the Complaint.

  5. Denies the allegation set forth in paragraph 5 of the Complaint.

  6. Denies the allegation set forth in paragraph 6 of the Complaint.

7. Denies the allegation set forth in paragraph 7 of the Complaint.

8. Denies the allegation set forth in paragraph 8 of the Complaint.

9. Denies the allegation set forth in paragraph 9 of the Complaint.

10. Denies the allegation set forth in paragraph 10 of the Complaint.

11. Denies the allegation set forth in paragraph 11 of the Complaint.

12. Denies the allegation set forth in paragraph 12 of the Complaint.

13. Denies the allegation set forth in paragraph 13 of the Complaint.

14. Denies the allegation set forth in paragraph 14 of the Complaint.

15. Denies the allegation set forth in paragraph 15 of the Complaint.

16. Denies the allegation set forth in paragraph 16 of the Complaint.

17. Denies the allegation set forth in paragraph 17 of the Complaint.

18. Denies the allegation set forth in paragraph 18 of the Complaint.

19. Denies the allegation set forth in paragraph 19 of the Complaint.

20. Denies the allegation set forth in paragraph 20 of the Complaint.

21. Denies the allegation set forth in paragraph 21 of the Complaint.

22. As paragraph 22 pertains to a cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

23. As paragraph 23 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

24. As paragraph 24 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

25. As paragraph 25 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

26. As paragraph 26 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

27. As paragraph 27 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

28. As paragraph 28 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

29. Denies the allegation set forth in paragraph 29 of the Complaint.

30. As paragraph 30 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

31. As paragraph 31 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

32. As paragraph 32 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

33. As paragraph 33 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

34. Denies the allegation set forth in paragraph 34 of the Complaint.

35. As paragraph 35 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

36. As paragraph 36 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

37. As paragraph 37 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

38. As paragraph 38 pertains to cause of action pled only against Defendant DHL,

the Original Defendants contend that a response is not required.

39. As paragraph 39 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

40. As paragraph 40 pertains to cause of action pled only against Defendant DHL, the Original Defendants contend that a response is not required.

41. Denies the allegation set forth in paragraph 41 of the Complaint

42. Denies the allegation set forth in paragraph 42 of the Complaint as to Defendant Innovations and denies information sufficient to form a belief as to such allegation asserted against Defendant DHL.

43. Denies the allegation set forth in paragraph 43 of the Complaint as to Defendant Innovations and denies information sufficient to form a belief as to such allegation as asserted against Defendant DHL.

44. Denies the allegation set forth in paragraph 44 of the Complaint as to Defendant Innovations and denies information sufficient to form a belief as such allegation as asserted against Defendant DHL.

45. Denies the allegation set forth in paragraph 45 of the Complaint as to Defendant Innovations and denies information sufficient to form a belief as to such allegation as asserted against Defendant DHL.

<u>As and For a First Affirmative Defense</u>

46. Plaintiff's claims are barred by documentary evidence.

<u>As and For a Second Affirmative Defense</u>

47. Plaintiff fails to state a cause of action upon which relief can be granted.

<u>As and For a Third Affirmative Defense</u>

48. Plaintiff's claims are barred by the doctrine of unclean hands.

### As and For a Fourth Affirmative Defense

49. Plaintiff's claims are barred by the statute of frauds.

### As and For a Fifth Affirmative Defense

50. Plaintiff has failed to add one or more necessary parties to this action

### As and For a Sixth Affirmative Defense

51. Upon information and belief, Plaintiff has in fact received the goods in question but has brought this action merely in an attempt to receive a "double recovery" from the Original Defendants.

### As and For a Seventh Affirmative Defense

52. Defendant Vishnu is not a proper party to this action.

### As and For an Eighth Affirmative Defense

53. Even assuming *arguendo* that Plaintiff did not receive the goods in question, the fault for such non-receipt lies with Defendant DHL and not the Original Defendants.

54. In the unlikely event that Plaintiff has incurred damages, recovery for such damages should be had from DHL, not the Original Defendants.

### As and For a Ninth Affirmative Defense

55. Awarding Plaintiff damages in this action which constitute unjust enrichment.

### As and for a Tenth Affirmative Defense

56. The risk of loss passed to Plaintiff upon Defendant Innovations delivery of the goods to Defendant DHL.

### AS AND FOR A FIRST COUNTERCLAIM

57. The Original Defendants repeat each and every allegation set forth in paragraphs 1

through 56 as if set forth at length herein.

58. Defendant Innovations is a New York corporation which was formed on or about September 20, 2007 to serve as an exporter, distributor, and supplier of mobile phones.

59. Defendant Vishnu is an owner and also the Manager of the Corporation.

60. In or about December 2009, Plaintiff contacted Defendant Innovations in order to purchase 500 personal digital assistant phones (the "January 2010 PDAS").

61. Defendant Innovations shipped the January 2010 PDAS to Plaintiff via DHL on or about January 5, 2011.

62. Plaintiff has been issuing slanderous statements to members of the import-export community (the "Business Community") advising them that the Original Defendants purposely shipped rock salt instead of cell phones, that The Original Defendants are not trustworthy, that The Original Defendants are frauds, and that they should not do business with The Original Defendants.

63. In a telephone conversation in or about November 2010, Vinny Patel, principal of the New York corporation Advantage Wireless, Inc. ("Advantage"), advised the Original Defendants that Plaintiff had advised him by telephone in or about November 2010 that the Original Defendants had "purposely shipped them rock salt instead of cell phones," that The Original Defendants were "untrustworthy", that The Original Defendants were "frauds", and that Mr. Patel and Advantage should "not do business with Innovations Technology Inc. and Sam Vishnu because they will screw you" (the "Advantage Slanderous Statement").

64. Prior to issuing the Advantage Slanderous Statement, Defendant Innovations had done approximately $350,000.00 a year in sales with Advantage.

65. Following the issuance of the Advantage Slanderous Statement, Advantage ceased

doing business with Defendant Innovations.

66. In a telephone conversation in or about December 2010, Ajay Kedia of Tele Trading Pte. ("Tele Trading") of Singapore of Singapore, a cellular phone importer, advised the Original Defendants that Plaintiff had advised them also in or about December 2010 that the Original Defendants had "purposedly shipped them rock salt instead of cell phones," that the Original Defendants were "untrustworthy", that the Original Defendants were "frauds", and that Mr. Kedia and Tele Trading should "not do business with Innovations Technology Inc. and Sam Vishnu because they will screw you." (The "Tele Trading Slanderous Statement")

67. Prior to the issuance of the Tele Trading Slanderous Statement, Defendant Innovations had done approximately $5,000,000.00 a year in sales with Tele Trading.

68. Following the issuance of the Tele Trading Slanderous Statement, Tele Trading ceased doing business with Defendant Innovations.

69. In a telephone conversation in or about December 2010, Mr. Saravan of Singapore Fastrack Pte. Ltd ("Fastrack"), a cellular phone importer, advised the Original Defendants that Plaintiff had advised them also in or about December 2010 that the Original Defendants had "purposedly shipped them rock salt instead of cell phones," that the Original Defendants were "untrustworthy", that The Original Defendants were "frauds", and that Mr. Saravan and Fastrack should "not do business with Innovations Technology Inc. and Sam Vishnu because they will screw you" (the "Fastrack Slanderous Statement").

70. Fastrack was a potential client of Defendant Innovations and the establishment of a relationship between Defendant Innovations and Fastrack would have resulted in an excess of $1,000,000.00 in sales for Defendant Innovations.

71. After being advised of the Fastrack Slanderous Statement by Mr. Saravan in or about

December 2010, no business was ever initiated between Fastrack and Defendant Innovations.

72. In a telephone conversation in or about December 2010, Mr. Haresh, a cellular phone importer based in Singapore, advised Defendant Innovations and Defendant Vishnu that Plaintiff had advised them also in or about December 2010 that the Original Defendants had "purposedly shipped them rock salt instead of cell phones," that The Original Defendants were "untrustworthy", that The Original Defendants were "frauds", and that Mr. Haresh should "not do business with Innovations Technology Inc. and Sam Vishnu because they will screw you" (the "Haresh Slanderous Statement").

73. Mr. Haresh was a potential client of Defendant Innovations and the establishment of a relationship between Defendant Innovations and Mr. Haresh would have resulted in an excess of $5,000,000.00 in sales for Defendant Innovations.

74. After being advised of the Haresh Slanderous Statement in or about December 2010, no business was ever initiated between Mr. Haresh and Defendant Innovations.

75. Upon information and belief, Plaintiff issued substantially similar slanderous statements regarding the Original Defendants to other members of the Business Community, though the names of the person(s) to whom such statement were uttered are not known at present.

76. The aforementioned slanderous statements are false.

77. The aforementioned slanderous statements were issued by Plaintiff with malicious intent.

78. Prior to Plaintiff issuing the aforementioned slanderous statement, Defendant Innovations was a highly successful exporter, supplier, and distributor of mobile phones.

79. Following the issuance of the slanderous statements and solely as a result of such statements, Defendant Innovations' exports to Singapore, which accounted for approximately 60% of its sales, entirely ceased.

80. Following the issuance of the slanderous statement and solely as a result of such statements, sales from outside of Singapore also decreased dramatically.

81. Following the issuance of the slanderous statements and solely as a result of such statements, Defendant Innovations has been forced to cease operations.

82. Following the issuance of the slanderous statements and solely as a result of such statements, Defendant Vishnu's reputation in the industry has been irreparably harmed.

83. As a result of the foregoing, the Original Defendants have been damaged in an amount to be determined at trial but which is no less than $5,000,000.00.

## AS AND FOR A SECOND COUNTERCLAIM

84. The Original Defendants repeat each and every allegation set forth in paragraphs 1 through 69 as if set forth at length herein.

85. Defendant Innovations had business relations with various members of the Business Community to whom it provided services relating to the importing, supplying, and distribution of cellular telephones.

86. In addition to the aforementioned slanderous statements, Plaintiff issued various disparaging statements regarding the Original Defendants to members of the Business Community in Singapore, New York, and elsewhere stating that the Original Defendants purposely shipped rocked salt to Plaintiff instead of mobile telephones, that the Original Defendants were untrustworthy and were frauds, and that business should not be conducted with the Original Defendants (the "Disparaging Statements").

87. Such Disparaging Statements are false.

88. Such Disparaging Statements were issued by Plaintiff with malicious intent.

89. Such Disparaging Statements were issued by Plaintiff for the sole purpose of intentionally interfering in the Original Defendants' business relations.

90. Following the issuance of the Disparaging Statements and solely as a result of such statements, Defendant Innovations' exports to Singapore, which accounted for approximately 60% of its sales, entirely ceased.

91. Following the issuance of the Disparaging Statements and solely as a result of such statements, sales from outside of Singapore also decreased dramatically.

92. Following the issuance of the Disparaging Statements and solely as a result of such statements, Defendant Innovations has been forced to cease operations.

93. Following the issuance of the Disparaging Statements and solely as a result of such statements, Defendant Vishnu's reputation in the industry has been irreparably harmed.

94. In issuing such Disparaging Statements, Defendants have tortuously interfered with the Original Defendants' business relations.

95. As a result of the foregoing, the Original Defendants have been damaged in an amount to be determined at trial but which is no less than $5,000,000.00.

## AS AND FOR A THIRD COUNTERCLAIM

96. The Original Defendants repeat each and every allegation set forth in paragraphs 1 through 95 as if set forth at length herein.

97. Solely as a result of having issued the Disparaging Statement, Defendant Vishnu has experienced severe emotional distress which has manifested itself in terms of a loss of appetite, loss of sleep, and a state of severe agitation.

98. Upon information and belief, Plaintiff intentionally made such disparaging statements in order to cause Defendant Vishnu severe emotional distress.

99. As a result of the foregoing, Defendant Vishnu has damaged in an amount to be determined at trial but which is no less than $100,000.00.

## AS AND FOR A FIRST CROSS-CLAIM BY DEFENDANT INNOVATIONS AGAINST DEFENDANT DHL

100. The Original Defendants repeat each and every allegation set forth in paragraphs 1 through 99 as if set forth at length herein.

101. Defendant Innovations provided Defendant DHL with the January 2010 PDAS for shipment to Plaintiff.

102. Pursuant to the agreement between Defendant Innovations and Defendant DHL, Defendant DHL was to ship the January 2010 PDAs to Plaintiff.

103. Defendant Innovations purchased insurance from Defendant DHL with respect to the shipment of the January 2010 PDAS.

104. In the unlikely event that this Court finds that Defendant Innovations bears any liability to Plaintiff, such liability stems solely from Defendant DHL's breach of its agreement to ship the January 2010 PDAS to Plaintiff.

105. As a consequence thereof, in the unlikely event that Defendant Innovations is found to be liable to Plaintiff, it is respectfully requested that this Court declare that Defendant DHL be solely responsible for paying any compensation to Plaintiff stemming from such liability.

## AS AND FOR A SECOND CROSS-CLAIM BY DEFENDANT INNOVATIONS AGAINST DEFENDANT DHL

106. Defendants repeat each and every allegation set forth in paragraphs 1 through 105

as if set forth at length herein.

107.   Defendant DHL had a duty of care with respect to the delivery of the January 2010 PDAS.

108.   In the unlikely event that this Court finds that Defendant Innovations bears any liability to Plaintiff, such liability stems solely from the failure of Defendant DHL and/or Defendant DHL's agents to exercise its duty of care to ensure shipment of the January 2010 PDAS to Plaintiff.

109. In the event that it is determined Plaintiff did not receive such January 2010 PDAS through no fault of its own, the failure of Defendant DHL and/or its agents to exercise such duty of care was the proximate cause of such non-receipt.

110. As a consequence thereof, in the unlikely event that Defendant Innovations is found to be liable to Plaintiff, it is respectfully requested that this Court declare that Defendant DHL be solely responsible for paying any compensation to Plaintiff stemming from such liability.

AS AND FOR A THIRD CROSS-CLAIM BY
DEFENDANT INNOVATIONS AGAINST DEFENDANT DHL

111.   The Original Defendants repeat each and every allegation set forth in paragraphs 1 through 110 as if set forth at length herein.

112.   Defendant Innovations purchased insurance with respect to the shipment of the January 2010 PDAS.

113.   In the unlikely event that this Court finds that Defendant Innovations is liable to Plaintiff, it is respectfully requested that this Court declare that Defendant DHL is required to honor such insurance policy by paying to Plaintiff an amount equal to such liability.

## AS AND FOR A FOURTH CROSS-CLAIM BY DEFENDANT INNOVATIONS AGAINST DEFENDANT DHL

114. The Original Defendants repeat each and every allegation set forth in paragraphs 1 through 113 as if set forth at length herein.

115. In the unlikely event that this Court finds that Defendant Innovations is liable to Plaintiff, such liability stems solely from the fact that Defendant DHL and/or its agents converted the January 2010 shipment of the PDAs.

116. As a consequence thereof, in the unlikely event that Defendant Innovations is found to be liable to Plaintiff, it is respectfully requested that this Court declare that Defendant DHL be solely responsible for paying any compensation to Plaintiff stemming from such liability.

WHEREFORE, The Original Defendants respectfully demands judgment against Plaintiff and Defendant DHL as follows:

A. Dismissing the Complaint in its entirety;

B. On the First Counterclaim: Amount to be determined at trial but which is no less than $5,000,000.00.

C. On the Second Counterclaim: Amount to be determined at trial but which is no less than $5,000,000.00.

D. On the Third Counterclaim: Amount to be determined at trial but which is no less than $100,000.00.

E. On the First Cross-Claim against Defendant DHL: In the unlikely event that Defendant DHL is found to be liable, declaring that Defendant DHL be solely

13

responsible for paying any compensation to Plaintiff stemming from such liability.

F. On the Second Cross-Claim against Defendant DHL: In the unlikely event that Defendant DHL is found to be liable, declaring that Defendant DHL be solely responsible for paying any compensation to Plaintiff stemming from such liability.

G. On the Third Cross-Claim against Defendant DHL: in the unlikely event that this Court finds that Defendant Innovations is liable to Plaintiff, declaring that Defendant DHL is required to honor the applicable insurance policy by paying to Plaintiff an amount equal to such liability.

H. On the Fourth Cross-Claim against Defendant DHL: in the unlikely event that this Court finds that Defendant Innovations is liable to Plaintiff, declaring that Defendant DHL is required to honor the applicable insurance policy by paying to Plaintiff an amount equal to such liability.

I. On all causes of action: Awarding the Original Defendants their costs incurred in defending this action, including all disbursements, reasonable expenses, and reasonable attorneys' fees; and

J. Awarding to the Original Defendants such further and different relief as this Court deems just and proper

Dated: New York, New York
      May 10, 2012

                          THE LAW OFFICES OF DANIEL A SINGER PLLC

                          By: _____
                              Daniel A. Singer (DAS 0978)
                              Attorneys for Defendants Sam Vishnu and
                              Defendant Innovations Technology Inc.
                              245 Fifth Avenue, Suite 1902
                              New York, New York 10016
                              (212) 569-7853